UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MICHAEL E. COX, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-cv-174-JAR |
|  | ) |  |
| JOHN JORDAN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael E. Cox for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion. In addition, for the reasons discussed below, the Court will direct the Clerk of Court to issue process upon the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance and an average monthly deposit of $0, and an outstanding debt of $93.00. The Court will therefore not assess an initial partial filing fee at this time.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual

allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff is a pretrial detainee at the Cape Girardeau County Jail. He brings this action pursuant to 42 U.S.C. § 1983 against Sheriff John Jordan, Nurse Charlotte Unknown, and Dr. Unknown Pruitt. He states he sues the defendants in an official and individual capacity.

According to the complaint, plaintiff's psychiatrist has prescribed Thorazine, Lunesta, Xanax, and Abilify, which plaintiff was taking before his incarceration. Plaintiff has not been given his medication while incarcerated, and as a result is getting "sick" and hearing voices telling him to "kill people and do crazy stuff." (Docket No. 1 at 4-5). Plaintiff also has a history of suicide attempts. He has written several requests to Nurse Charlotte and Dr. Pruitt about restarting his medication, but is told: "we are not starting your meds back, you can get them when you get back out on the streets." *Id.* at 5. He is not being permitted to see a doctor. He has written to defendant Sheriff Jordan about the situation, "to no avail." *Id.* at 4. As for the relief he seeks, plaintiff writes: "I need my medication. Please help." *Id.* at 5.

## Discussion

Because plaintiff is a pretrial detainee, his claims of inadequate medical care are analyzed under the fourteenth amendment rather than the eighth amendment. *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013). However, because the fourteenth amendment affords pretrial detainees "at least as great protection" as that given to convicts under the eighth amendment, courts apply the identical standard as that applied to claims of inadequate medical care brought by convicts.

3

*Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (quoting *Owens v. Scott County* Jail, 328 F.2d 1026, 1027 (8th Cir. 2003)).

In order to state a constitutional violation, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). A claim of deliberate indifference involves both an objective and a subjective component. The objective component requires plaintiff to demonstrate that he suffered an objectively serious medical need. *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). The subjective component requires plaintiff to demonstrate that the defendant actually knew of, but deliberately disregarded, that need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Here, plaintiff adequately alleges he suffers from objectively serious medical needs: a mental health disorder that requires medication, and serious symptoms resulting from the lack of that medication. Plaintiff also adequately alleges that each named defendant actually knew of those needs, and also that they deliberately disregarded them by refusing to provide necessary medications and refusing to let plaintiff see a doctor. Plaintiff also alleges that defendant Jordan is responsible for the medical situation at the jail, but is refusing to act. When a prisoner needs medical treatment, prison officials have a constitutional duty to see that it is furnished. *Estelle*, 429 U.S. at 103. These allegations, which must be taken as true, are sufficient to state a claim against the named defendants. The Clerk of Court will be directed to serve process upon Sheriff John Jordan, Nurse Charlotte Unknown, and Dr. Unknown Pruitt in their individual capacities.

Plaintiff's official capacity claims against the defendants will be dismissed, without prejudice. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the City of Cape Girardeau, Missouri.

4

To state a claim against a municipality or a government official in his official capacity, plaintiff must allege that a policy or custom of the municipality/governmental entity is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). However, the instant complaint contains no allegations that a policy or custom of a governmental entity or municipality was responsible for the alleged violations of plaintiff's constitutional rights. The complaint therefore fails to state a claim against any of the named defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Sheriff John Jordan, Nurse Charlotte Unknown, and Dr. Unknown Pruitt are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendants Sheriff John Jordan, Nurse Charlotte Unknown, and Dr. Unknown Pruitt. Defendants shall be served by issuance of summons and service by the U.S. Marshal's Office at the Cape Girardeau County Jail, 216 N. Missouri, Jackson, MO 63755.

Dated this 18th day of July, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5