UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MICHAEL E. COX, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-174-JAR |
| JOHN JORDAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion to dismiss filed by Sheriff John Jordan (Docket No. 19), and the motion to dismiss filed by Dr. Charles Pewitt and Nurse Charla Earnheart.[1] (Docket No. 25). For the reasons explained below, the motions will be granted, and this case will be dismissed.

### Background

On July 13, 2018, plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983 against Sheriff John Jordan, Dr. Charles Pewitt, and Nurse Charla Earnheart. At the time he filed the complaint, he was a pretrial detainee at the Cape Girardeau County Jail. He alleged he was suffering serious psychiatric symptoms due to the defendants' refusal to give him any psychiatric medications. He sought an injunction directing the defendants to provide him psychiatric medication. He sought no other form of relief. Plaintiff also filed a motion for preliminary injunction and another motion for injunctive relief, seeking the same relief as he sought in the complaint. (Docket Nos. 9 and 17). He also filed motions seeking the appointment of counsel. (Docket Nos. 4, 27, and 30).

---

[1] In the complaint, plaintiff identified Dr. Pewitt and Nurse Earnheart as "Sgt. Unknown Pruitt" and "Charlette Unknown." Defense counsel has since provided the Court with their correct names.

On July 18, 2018, this Court granted plaintiff's motion for leave to proceed *in forma pauperis*, and directed the Clerk of Court to serve process upon the defendants in their individual capacities. After Sheriff Jordan moved for an extension of time to answer the complaint, the Court directed him to respond to plaintiff's motion for preliminary injunction. Sheriff Jordan timely complied, but on August 15, 2018, plaintiff filed a notice of change of address, advising that he had been transferred from the Cape Girardeau County Jail to the Scott County Jail.

Sheriff Jordan subsequently filed the instant motion to dismiss, titled "Supplemental Response to Plaintiff's Motion for Preliminary Injunction & Response to Plaintiff's Complaint." (Docket No. 19). Therein, he argued that this Court should deny plaintiff's motion for preliminary injunction, and dismiss the complaint entirely, based upon mootness. In support, Jordan argued that plaintiff sought only injunctive relief, and his transfer from the Cape Girardeau County Jail mooted his claim. Subsequently, Dr. Pewitt and Nurse Earnheart also moved to dismiss on the same basis. (Docket No. 25).

Plaintiff filed documents opposing the motions. (Docket Nos. 29 and 30). Therein, he described his mental health symptoms and other conditions, he claimed that other inmates are being denied necessary treatment, and he stated he needed special shoes. He also stated that Dr. Pewitt was the doctor at the Scott County Jail, and was treating plaintiff with psychiatric medication. However, he complained that the medication was causing side effects. In response, Dr. Pewitt and Nurse Earnheart averred, *inter alia*, that they were no longer responsible for plaintiff's medical care. *See* (Docket No. 31/filed September 25, 2018).

On October 24, 2018, Dr. Pewitt and Nurse Earnheart filed a second motion to dismiss the complaint. (Docket No. 32). Therein, they averred that plaintiff had not notified them or this Court of his latest change of address. They explained that after they mailed documents to

plaintiff at the Scott County Jail, the documents were returned to them marked "return to sender," with the notation that plaintiff had been released. They sought the dismissal of the complaint on the basis that plaintiff had failed to notify this Court, and the parties, of his change of address.

## Legal Standard

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (*citing Twombly*, 550 U.S. at 555 & n.3).

Courts primarily consider the allegations in the complaint in determining whether to grant a motion to dismiss. However, they may additionally consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## Discussion

As the defendants correctly note, because plaintiff is no longer incarcerated at the Cape Girardeau County Jail, and because he seeks only injunctive relief for alleged violations that

occurred there, this case is moot. The Eighth Circuit has consistently held that an inmate's transfer from the institution where the alleged violation occurred moots his claim for injunctive relief. *See Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir. 2001) (when actions required by injunction would be impossible for correctional-center defendants to execute because plaintiff was moved to another institution, plaintiff's claims for injunctive relief against defendants were moot); *Beck by Beck v. Missouri State High School Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (*per curiam*) (noting that a case is moot when circumstances change to such a degree that "a federal court can no longer grant effective relief"); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (concluding that claim for injunctive relief against warden was moot because prisoner was transferred to another prison).

Plaintiff states that Dr. Pewitt is also the doctor at Scott County Jail, and that he is treating plaintiff with psychiatric medication. Dr. Pewitt avers that he is no longer responsible for plaintiff's care, and plaintiff has offered no response. Nevertheless, plaintiff's admission that Dr. Pewitt is treating him with psychiatric medication moots his claim, as he simply sought an injunction directing Dr. Pewitt to provide psychiatric medication. Finally, based upon Dr. Pewitt and Nurse Earnheart's October 24, 2018 filings, it is apparent that plaintiff is no longer in the custody of Scott County Jail, and it in fact appears he has been released from custody.

For all of the foregoing reasons, it is apparent that the Court cannot grant plaintiff the injunctive relief he is requesting, which is the only remedy he pursues. The Court will therefore grant the instant motions, and dismiss this case. The Court will also deny plaintiff's motions for injunctive relief and his motions seeking the appointment of counsel, and deny as moot Dr. Pewitt and Nurse Earnheart's later-filed motion to dismiss.

Accordingly,

4

IT IS HEREBY ORDERED that the motion to dismiss filed by Sheriff John Jordan (Docket No. 19) and the motion to dismiss filed by Dr. Charles Pewitt and Nurse Charla Earnheart (Docket No. 25) are GRANTED, and this case is DISMISSED. A separate order of dismissal will be entered herewith.

IT IS FURTHER ORDERED that plaintiff's motions for injunctive relief (Docket Nos. 9 and 17) are DENIED.

IT IS FURTHER ORDERED that plaintiff's motions for appointment of counsel (Docket Nos. 4, 27 and 30) are DENIED as moot.

IT IS FURTHER ORDERED that Dr. Charles Pewitt and Charla Earnheart's second motion to dismiss (Docket No. 32) is DENIED as moot.

IT IS HEREBY CERTIFIED that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of November, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5